FILED

2008 May-12  PM 02:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **v.** | ) | **2:99-CR-323-JHH-TMP** |
| **CEDRIC LATRELL WEEKS.** | ) | |

## MEMORANDUM OF OPINION REGARDING ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

The movant, acting *pro se*, filed the above-styled motion (Doc. #20), on March 6, 2008, asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582 effective November 1, 2007 and made retroactive by USSG §1B1.10, effective March 3, 2008.[1] On March 26, 2008 the government filed a response (Doc. #22) requesting the court to deny the request based upon movant's history of violent conduct. By its April 18, 2008 order (Doc. #23) the court gave movant until May 20, 2008 to file a reply to the government's response. On May 5, 2008 movant filed his response (Doc. #25). The gist of the response is that he has been in custody since his arrest in 1999 by Calhoun County, Alabama authorities for first degree robbery and for the murder of Deborah Bailey with a shotgun. These

---

[1] In the motion, Weeks also requested the appointment of counsel which request was denied (Doc. #24) on April 24, 2008.

charges were still pending when this court sentenced movant on January 7, 2000, which sentence was not imposed to run concurrently with any state sentence he thereafter received on those charges.  Movant was released from state custody the federal custody on March 25, 2003 to begin serving his sentence in this case.  For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **DENIED**, and a separate order to that effect will be entered.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[2]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive.

---

[2]  At this point, the crack amendment had no retroactive application.

The effective date for retroactive application of the crack amendment became

March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the

crack amendment (hereinafter referred to as "the amended policy statement").  As

such, as of March 3, 2008, the crack amendment and amended policy statement

apply to all relevant sentences, old and new. All of this was done pursuant to the

U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #20)

of Cedric Latrell Weeks to modify his term of imprisonment under 18 U.S.C. §

3582(c)(2).  The motion seeks the benefit of the crack amendment and the

amended policy statement. The focus of the § 3582(c)(2) motion is the 78-months

sentence imposed upon movant under a single count indictment which charged

him with distribution of cocaine base, in violation of 21 U.S.C. § 841 (a)(1).

Movant Weeks pled guilty to the charge, and he was sentenced on January 7,

2000.  The net weight of the cocaine base was 23.7 grams.   The 1998 guidelines

manual set the base offense level for this amount of crack cocaine at level 28.

The following chart sets forth the application of the crack amendment to

the instant case:

| | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 25 | 23 |
| **Criminal History Category** | III | III |
| **Imprisonment Range** | 70 - 87  months | 60(mm) - 71 months |
| **Departure** | n/a | n/a |
| **Sentence Imposed** | 78 months | n/a |
| **Rule 35(b)/Remand** | n/a | n/a |
| **Designated Institution** | FCI Talladega | |
| **Institutional Adjustment** | Completed GED and participates in IFRP. Infractions: possession of unauthorized items (cigarettes); assaulting w/o serious injury; possession of intoxicants | |
| **Projected Release Date** | 1/8/09 | n/a |

A review of the sentencing issues now confronting this court includes, but is

not limited to, the following:

   1.    the movant was originally sentenced to the mid-range of the

   correctly-computed guidelines range, 78 months; and

2.      as computed in accordance with the amended guideline, in view of

the statutory minimum sentence, the bottom of the range is 60  months.

U.S.S.G § 1B1.10 (a) provides the authority, including limitations on such

authority, for any reduction in the term of imprisonment.  *Application Notes* under

the *Commentary*  for U.S.S.G. § 1B1.10 set forth the factors for a court to consider

in determining whether a reduction is warranted and, if so, the extent of such

reduction.  In addition to emphasizing that the court shall consider the factors set

forth in 18 U.S.C. § 3553(a), the *Application Notes*, under the subheading 1.B. (ii)

and (iii), provides as follows:

> (ii)    Public Safety Consideration – The court shall consider the
> nature and seriousness of the danger to any person or the
> community that may be posed by a reduction in the defendant's
> term of imprisonment in determining: (I) whether such a
> reduction is warranted; and (II) the extent of such reduction,
> but only within the limits described in subsection (b).

> (iii)    Post-Sentencing Conduct. - The court may consider post-
> sentencing conduct of the defendant that occurred after
> imposition of the original term of imprisonment in
> determining: (I) whether a reduction in the defendant's
> term of imprisonment is warranted; and (II) the extent of
> such reduction, ....

For the reasons hereinafter set forth, the court concludes that the early release of

defendant raises a distinct possibility of serious danger to persons in the

5

community to such an extent that a reduction in the defendant's term of imprisonment is not warranted.

The presentence report utilized at sentencing contained defendant's criminal history.  At the time of sentencing defendant acknowledged, while under oath, that he found no factual dispute with matters presented in the presentence report.  It reflected a 1993 plea of guilty to a first degree assault charge in the Circuit Court of Calhoun County, Alabama, Case Number CC92-1023, with a ten year custodial sentence imposed.[3]   Weeks and another person entered a residence about 9:30 a.m. and a serious fight began.  Weeks struck an occupant in the head with a hammer and continued to do so when the occupant fell to the floor.  The occupant's skull was fractured and was removed to a hospital by helicopter for brain surgery.  Also reflected in the presentence report is a plea of guilty to a disorderly conduct charge on September 16, 1998 for threatening to kill another individual.  The report also sets forth the following charges, either nol prossed or reflecting no further information:

- May 28, 1991 arrest for attempted burglary;

- May 26, 1992 arrest for first degree assault;

_____

[3] Apparently another first degree assault charge in a separate case, Case Number CC92-977, was a "tagalong charge" disposed of with CC92-1023.

- August 28, 1992 arrest for first degree robbery; and

- July 7, 1999 arrest for assault in the second degree.

Moreover, as briefly mentioned earlier, at the time of his plea of guilty and

sentencing in this court, movant  had been arraigned on August 26, 1999 and held

on $25,000 bond for first degree robbery in the Circuit Court for Calhoun County,

Case No. CC99-935, during which he allegedly possessed a hand gun, and a

second charge, apparently unrelated to the robbery charge, for murder in the

Circuit Court of Calhoun County, Case No. CC99-866, charging him with

allegedly murdering Deborah Bailey by shooting her with a shotgun on or about

March 1, 1999.  According to State of Alabama criminal records, the movant was

convicted on reduced charges of robbery second degree and manslaughter on

February 22, 2001, and received split sentences of twenty years, five years to

serve, with 15 years suspended, to be served concurrently.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that movant is eligible for

consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and

concludes that the crack amendment applies to the circumstances of  movant.

Furthermore, this court concludes that had it been possible, movant would <u>not</u>

have been sentenced at the low end or even the mid-range of the offense level had

the crack amendment been in effect at that time.   More importantly, the court

finds that public safety considerations require the court to deny the current motion.

Specifically, the court concludes under 18 U.S.C. § 3553(a) and under U.S.S.G. §

1B1.10 that the early release of movant raises a distinct possibility of serious

danger to persons in the community to such an extent that a reduction in

defendant's term of imprisonment is not warranted.

A separate order will be entered denying the motion (Doc. #20). Movant's

attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding.

A notice of appeal must be filed within ten days from the entry of the judgment or

order being appealed. *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.

2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed. R. App. P.*

4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern

District of Alabama at a trial or on appeal, movant will not be required to file a

new application to proceed *in forma pauperis* on appeal from the denial of the

§ 3582(c)(2) motion. That status will be granted for appeal purposes. If movant

was represented by counsel at trial or on direct appeal but believes he is now

unable to afford counsel, movant should file an application to proceed *in forma*

*pauperis* (accompanied by a certified copy of prison account statements for the

last six months) when a notice of appeal from the denial of the § 3582(c)(2)

motion is filed.  The Clerk is **DIRECTED** to provide the movant with an

application to proceed *in forma pauperis*.

     **DONE** this the ___12th___ day of May, 2008.


_____
     SENIOR UNITED STATES DISTRICT JUDGE